FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     -vs-<br><br>BRICE CHRISTIAN DAVIS (5),<br>JAYDE DILLON EVANS (6),<br><br>                 Defendants. | No.   2:12-CR-0016-WFN<br><br>ORDER |

A pretrial conference and motion hearing was held February 4, 2020. The Defendants, who are not in custody, were present. David Miller represented Brice Christian Davis; Nicholas Vieth represented Jayde Dillon Evans; Assistant United States Attorneys Timothy Ohms and Patrick Cashman represented the Government.

The Court opened by noting the long and complicated history of the case. The parties have litigated numerous substantive motions and the case has been up to the circuit and back three times. Four co-Defendants have already served their time and one has also completed his term of supervised release. Defendants Kynaston and Doyle, the two co-conspirators most involved in the set up and management of the alleged marijuana grow, both pled to lesser charges of manufacture of marijuana. Defendant McKinley pled to simple possession of marijuana. Since the original Indictment, as illustrated in the Farm Bill discussed below as well as the legalization of marijuana for recreational purposes in Washington, the public opinion about marijuana and its role in society has shifted significantly. The Court noted that the parties appear to have reached an impasse and inquired whether mediation would

ORDER - 1

help them engage in productive plea negotiations. Defense counsel agreed that mediation may aid the parties. Government counsel asked to have an opportunity to consult with his superiors to determine the office policy regarding mediation in criminal cases. Counsel for the Government will advise Court staff what he finds out in the next week or so.

The Court next addressed Defendant's Motion to Dismiss Third Superseding Indictment. ECF No. 963. The Court concurs with the Government's position that the savings clause prevents retroactivity of the redefinition of marijuana recently enacted in the Farm Bill. The savings clause precludes retroactive application of repeal statutes preserving penalties for violations that occurred prior to repeal. "Although the savings clause on its face applies to the repeal of any statute, it has been held to apply to statutory amendments as well." *United States v. Breier*, 813 F.2d 212, 215 (9th Cir. 1987) (internal citation omitted). The Government concludes that because the definition of marijuana was amended by the Farm Bill, the savings clause requires the Court to apply the law at the time of the alleged commission of the offense. The crux of this issue, as plainly described by defense counsel, is whether the definition of hemp/marijuana contained in the Farm Bill represents a clarification of the existing law or a substantive change to the statute. The savings clause applies to substantive changes, but a clarification would be applied retroactively because when clarifying the law, Congress would merely be "articulating what the law had always been." *United States v. Richardson*, No. 17-2157, 2020 WL 413491, at *10 (6th Cir. Jan. 27, 2020).

The Farm Bill altered the definition of marijuana in a section entitled, "CONFORMING CHANGES TO CONTROLLED SUBSTANCES ACT." The statute created a new class of substance, hemp, which is exempted from the penalties found in the controlled substances act because it does not meet the new definition of marijuana. The Farm Bill did not clarify a confusing or disputed term but rather defined marijuana differently than it had been defined before. The legislative record suggests that Congress viewed the creation of legalized hemp as a significant change in law. See e.g. 164 Cong. Rec. H10142-03, H10150-51, 164 Cong. Rec. H10115-04. As an amendment the definition

ORDER - 2

of hemp and redefinition of marijuana is subject to the savings clause and therefore should not be applied retroactively.

The Court also addressed Defendant's Supplemental Request for Discovery. ECF No. 961. The Government confirmed that the requested materials should arrive any day. Defense counsel for Mr. Davis made an additional request for transcripts from the original grand jury proceeding. The Government indicated that they will be provided.

After some discussion about the wisdom of joinder, the Court confirmed that the Defendants will remain severed for trial due to *Bruton* issues. The parties agreed that the current trial dates are unrealistic and agreed to new trial dates. The parties further agreed that the case continues to be complex for speedy trial purposes.

The Court has reviewed the file and Defendant's Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Supplemental Request for Discovery, filed January 21, 2020, **ECF No. 961**, is **DENIED AS MOOT**.

2. Defendant's Motion to Dismiss Third Superseding Indictment, filed January 21, 2020, **ECF No. 963**, is **DENIED**.

3. Defendant Evans's (6) trial date of February 10, 2020, is **STRICKEN and RESET to April 20, 2020, at 1:00 p.m., in Spokane**, Washington.

4. All time from the trial date of February 10, 2020, to the new trial date of April 20, 2020, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 316(h)(7) as to Defendant Evans (6) **only**. The Court previously declared the case to be complex.

5. Defendant Davis's (5) trial date of February 24, 2020, is **STRICKEN and RESET to May 4, 2020, at 1:00 p.m., in Spokane**, Washington.

6. All time from the trial date of February 24, 2020, to the new trial date of May 4, 2020, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 316(h)(7) as to Defendant Davis (5) **only**. The Court previously declared the case to be complex.

ORDER - 3

7.  A final pretrial conference and motion hearing **for both Defendants** shall be held **April 13, 2020, at 11:00 a.m., in Spokane**, Washington.

8.  Trial briefs, motions in limine, requested voir dire and a set of proposed **JOINT JURY INSTRUCTIONS** shall be filed and served on or before **April 3, 2020**.

Jury instructions should only address issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions and a proposed verdict form.  The Joint Proposed Jury Instructions shall include:

(a)  The instructions on which the parties agree; and

(b)  Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).  All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number.  The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum.  The parties shall identify the specific portion of any proposed instruction to which they object and shall elaborate the basis for the objection.  Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports this objection.  Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

9.  The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before trial**.

10. Indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten days before trial, excluding weekends and holidays.

11. The following procedures shall be utilized at trial:

(a)  The Court will conduct the majority of jury voir dire but allow counsel ten minutes to ask additional questions or to do a more in depth exploration of issues raised by the Court;

ORDER - 4

    (b) A total of 14 jurors will be selected, with the Government having 7 peremptory challenges and Defendant having 11 challenges. The challenges shall be exercised simultaneously;

    (c) Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 p.m. to 4:00 p.m.;

    (d) The jurors will be provided with notebooks for note-taking and a copy of the preliminary instructions;

    (e) Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

    (f) Examination of witnesses shall be limited to direct, cross, redirect and recross. FED. R. EVID. 611(a);

    (g) Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

    (h) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours; and

    (i) Counsel shall have the next witness to be called to testify available to avoid delay; and

    (j) If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten days before trial, excluding weekends and holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

        (i) That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number. The subpoena shall state when the witnesses' appearance is requested;

ORDER - 5

    (ii) The subpoenaed individual shall contact the United States Marshal in the district in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

    (iii) Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

    (iv) Any witness fees and per diem allowances shall be paid by the Government after the witness has testified.  Requests for advance payment shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

  (k)  Counsel are informed that no CJA money is available to pay per diem expenses for indigent Defendants.  Should an indigent Defendant require transportation to the trial, defense counsel shall apply for such travel and costs no later than ten days, excluding weekends and holidays prior to the date of the trial.  **THERE IS NO FUNDING AVAILABLE FOR MEALS AND HOUSING DURING TRIAL**.

  The District Court Executive is directed to file this Order and provide copies to counsel.

  **DATED** this 6th day of February, 2020.

02-04-20

              WM. FREMMING NIELSEN
              SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6