William D. Hyslop
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Patrick J. Cashman
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 01, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:12-CR-00016-WFN-5 |
| vs. | Plea Agreement |
| BRICE CHRISTIAN DAVIS, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms and Patrick J. Cashman, Assistant United States Attorneys for the Eastern District of Washington, and Defendant Brice Christian Davis and the Defendant's counsel, David Miller, agree to the following Plea Agreement:

1)    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to waive indictment by a grand jury and to plead guilty to the Information Superseding Indictment charging the Defendant with Manufacture of 50 or More Marijuana Plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

The Defendant understands that this is a Class C felony, which carries a maximum penalty of:  (1) not more than a 20-year term of imprisonment; (2) a fine not to exceed $1,000,000; (3) at least 3-years of supervised release and up to a life

Plea Agreement - 1

term of supervised release; (4) a $100 special penalty assessment; and (5) denial of certain Federal Benefits.

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)    Denial of Federal Benefits:

The Defendant understands that by entering this plea of guilty the Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act.  21 U.S.C. § 862a.  Further, the Court may deny the Defendant's eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States.  21 U.S.C. § 862.

3)    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Sentencing is a matter that is solely within the discretion of the Court.  The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter.  The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Plea Agreement - 2

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

4)    <u>Waiver of Constitutional Rights</u>:

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a)    The right to a jury trial;

b)    The right to see, hear and question the witnesses;

c)    The right to remain silent at trial;

d)    The right to testify at trial; and

e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5)    <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about November 2, 2011, in the Eastern District of Washington, the Defendant, Brice Christian Davis, knowingly manufactured marijuana;

*Second*, the Defendant knew it was marijuana or some other prohibited drug; and

*Third*, the quantity of marijuana was 50 or more plants.

//

//

Plea Agreement - 3

6)    <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On October 28, 2011, Spokane County Sheriff's Office detectives responded to the area of 12010 N. Judkins Road to investigate a reported odor of growing or freshly harvested marijuana. During the course of this investigation, the detectives determined that the odor of marijuana was emanating from the address of 11911 N. Judkins Road. The Detectives approached the residence and observed plastic laid on the floor of the front room with marijuana stems and leaves on top. The detectives applied for and were granted authorization to search the premise at 11911 N. Judkins Road. The search was executed on November 2, 2011, with participation from federal agents. Several people were found at the residence, including the Defendant, Jared Kynaston, Jayde Evans, and Peter Mobley.

The search uncovered 318 suspected growing marijuana plants located in the garage area, 146 suspected growing marijuana plants located in what appeared to be a clone room, 28 suspected growing marijuana plants in the master bedroom, 67 suspected growing marijuana plants in the green house directly behind the residence, and three suspected marijuana plants in the living room area, for a total of 562 growing marijuana plants. A quantity of harvested marijuana was also found at the residence. Detectives located a .40 Glock handgun, model 22C, bearing serial number NWA719, on top of a grow room that was constructed within the garage.

The Defendant agreed to answer questions and told detectives that he had been hired to tend the marijuana plants. The Defendant also said that he brought the Glock

Plea Agreement - 4

handgun to the Judkins Road residence at Kynaston's request and provided it to Kynaston.

Samples of the suspected marijuana were analyzed by the DEA laboratory and determined to be marijuana.

7)    <u>The United States Agrees</u>:

a)    <u>Dismissals</u>:

At the time of sentencing, the United States agrees to move to dismiss the Third Superseding Indictment, as applicable to the Defendant, filed on December 2, 2014 (ECF 575).

b)    <u>Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Information Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before sentencing.

c)    <u>Not to File Information for Penalty Enhancement</u>:

The United States agrees not to file an enhanced penalty information to establish the Defendant's prior drug conviction, pursuant to 21 U.S.C. § 851.

8)    <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a)    <u>Base Offense Level</u>:

The Defendant understands that the United States will recommend that the Court establish the base offense level for the Manufacture of 50 or More Marijuana

Plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), based on a total drug quantity of 1,239 marijuana plants.

   b)    Specific Offense Characteristic – Possession of a Dangerous Weapon

   The United States submits the Defendant's base offense level should be increased by two-level because the Defendant possessed a dangerous weapon-firearm. *See* USSG § 2D1.1(b)(1).  The Defendant reserves the opportunity to object to the application of this specific offense enhancement.

   c)    Other Specific Offense Characteristics May Apply:

   The parties make no other agreement as to the application of other specific offense enhancement or guideline adjustments.  The parties are free to argue for or object to the application of any other specific offense enhancement or guideline adjustments, including any adjustments included by the United States Probation Office.

   d)    Acceptance of Responsibility:

   If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than September 8, 2020, the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to USSG § 3E1.1(a) and (b).

   The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

//

//

Plea Agreement - 6

f)    Criminal History:

The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9)    Length of Imprisonment:

The United States agrees to recommend a sentence that does not exceed fourteen (14) months imprisonment.  The Defendant is free to recommend any sentence that he believes is supported by the facts and law applicable to the case.

10)    Criminal Fine:

The parties agree not to seek a fine.

11)    Supervised Release:

The United States and the Defendant agree to recommend a three (3) year term of supervised release.  The parties acknowledge the Defendant intends to request early termination after six months of supervised release.  The United States agrees to take no position on the Defendant's request, conditioned on complete compliance with the terms and conditions of supervised release.

12)    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13)    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

//

//

14)    <u>Judicial Forfeiture</u>:

The Defendant agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed asset(s) to the United States:  a Glock, model 22C, .40 caliber pistol, serial number NWA719; and, 15 rounds of .40 caliber ammunition, head stamped "WINCHESTER 40 S&W."

The Defendant acknowledges that the asset(s) covered by this agreement are subject to forfeiture as property involved in the commission of the offense, Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and are therefore forfeitable to the United States pursuant to 21 U.S.C. § 853.

The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s).  Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

The Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

15)    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement

or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16)    <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court.  Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order.  Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17)    <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney


For: *Patrick J. Cashman*                          8/28/2020
Timothy J. Ohms                                    Date
Assistant U.S. Attorney

*Patrick J. Cashman*                               8/28/2020
Patrick J. Cashman                                 Date
Assistant U.S. Attorney

Plea Agreement - 10

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney.  I understand and voluntarily enter into this Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.

_____          8-3-20
Brice Christian Davis                                     Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          8-3-2020
David Miller                                              Date
Attorney for Defendant

Plea Agreement - 11