William D. Hyslop
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Patrick Cashman
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRICE CHRISTIAN DAVIS,<br><br>    Defendant. | 2:12-CR-00016-WFN-5<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Timothy J. Ohms and Patrick Cashman, Assistant United States Attorneys for the Eastern District of Washington, submits the following Sentencing Memorandum.

On September 1, 2020, Defendant entered a plea of guilty to one count of Manufacture of 50 or More Marihuana Plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). ECF 994. Defendant's guilty plea was pursuant to a plea agreement that reduced more serious charges with mandatory minimum penalties that totaled fifteen years. Because Defendant possessed a firearm during the

United States' Sentencing Memorandum - 1

commission of the offense, Defendant did not qualify for the safety valve provisions of 18 U.S.C. § 3553(f)(1)-(5) and USSG §§2D1.1(b)(18) and 5C1.2.

The charge-bargain contained in the plea agreement was based in part on a desire to avoid sentencing disparities among other defendants who have pled guilty and been sentenced in the case. Other factors relate to the amount of time that has passed since the commission of the offense and its indictment, in November of 2011 and in February of 2012 respectively. In the interim, the complexity and expense of a trial have increased due to witnesses retiring or moving from the area. Changes have also occurred in both state and federal law with regard to marihuana enforcement. Defendant's life has also changed in ways that mitigate the risk of Defendant reoffending. Despite these changes, which have been factored into the plea agreement, Defendant continues to merit conviction for the felony offense to which he pled guilty and punishment consistent with the seriousness of the offense, Defendant's history and characteristics, and Defendant's role in the offense in relation to others. *See* 18 U.S.C. § 3553(a)(1), (2)(a), (6).

The offense in this case was serious. It involved the creation of a commercial marihuana grow and a criminal conspiracy focused on the production and distribution of marihuana from that grow. The marihuana grow was large and expensive to construct and to operate. It transformed a high-end residential property into a commercial property dedicated solely to the production and harvesting of marihuana. Defendant was involved early in the operation and was personally responsible for much of the construction necessary to create the marihuana grow. This included the construction of specially designed interior spaces, modifying electrical systems, and constructing two large greenhouses. Defendant's history and characteristics prepared him for this work. Defendant's criminal history includes a 2008 conviction for possession of a controlled

United States' Sentencing Memorandum - 2

substance with intent to deliver. PSR ¶ 73.[1] Defendant had also previously introduced co-defendant Samuel Doyle to his (Defendant's) source of supply from whom Doyle purchased approximately ten pounds of marihuana. PSR ¶ 39.

Although Defendant asserts that he believed that the marihuana grow was intended for the production of medical marihuana in accordance with state law, this statement should be viewed with skepticism. Defendant used marihuana from the marihuana grow without any medical authorization or justification. In addition, when the greenhouses used to grow marihuana were burglarized, police were not called to investigate. Instead, co-defendant Kynaston requested Defendant to bring a firearm to the marihuana grow. At the time, both Kynaston and Doyle were felons and could not lawfully possess firearms. These facts, in conjunction with the scale of the marihuana grow, not only increased the seriousness of the offense but suggest that Washington State's medical marihuana law was being used as cover for criminal conduct. Here, Defendant also had a history of illegal conduct involving marihuana, and his unlawful use of marihuana continued following his arrest and release from custody, resulting in a violation report filed by the United States Probation Office. ECF No. 478.

Defendant's role in the offense and his knowledge of the scale of the marihuana grow was more than that of an employee trimmer. Defendant worked with co-defendants Kynaston and Doyle from early in the conspiracy—before the marihuana was planted or harvested and before the spaces to grow the marihuana had been constructed. Defendant personally constructed those interior grow rooms and outbuildings. He personally wired them. He collected and drove employees to the marihuana grow. He worked with them to harvest the marihuana. And he

---

[1] Citations to the PSR are to the draft PSR filed on October 28, 2020, as ECF No. 999.

United States' Sentencing Memorandum - 3

escalated the seriousness of the criminal conduct and the risk of injury to law enforcement and others by bringing a firearm to the marihuana grow. For these reasons the government places Defendant's level of culpability below that of the grow organizers (Kynaston and Doyle) but above that of an employee trimmer.

    Kynaston was sentenced to 22 months. PSR ¶ 20. Doyle was sentenced to 16 months. PSR ¶ 21. The employee-trimmers have been receiving sentences of time-served both with and without additional periods of supervision. PSR ¶¶ 22-24. Consistent with Defendant's level of culpability, his sentence should fall between the 16-month sentence imposed on co-defendant Doyle and the sentences of "time-served" imposed on less culpable employees. The plea agreement anticipates this by permitting the government to recommend a sentence that does not exceed 14 months.

    The government will recommend a sentence within the range provided in the plea agreement, but reserves its final recommendation until the sentencing hearing after it has had an opportunity to review all of the materials submitted to the Court and any changes to the Presentence Report.

    Dated:  November 23, 2020.

William D. Hyslop
United States Attorney

*s/ Timothy J. Ohms*
Timothy J. Ohms
Assistant United States Attorney

*s/ Patrick Cashman*
Patrick Cashman
Assistant United States Attorney

United States' Sentencing Memorandum - 4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Defendant, via counsel.

<i><u>s/ Timothy J. Ohms</u></i><br>
Timothy J. Ohms<br>
Assistant United States Attorney